THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL ANTHONY AVINGER,<br><br>　　　　　　Defendant. | CASE NO. CR17-0185-JCC<br><br>ORDER |

This matter comes before the Court on the Government's motion for an order authorizing the Washington State Department of Children, Youth, and Families ("DCYF") to produce Child Protective Services records to the Government (Dkt. No. 60). Having thoroughly considered the Government's briefing[1] and the relevant record, the Court hereby DENIES the motion for the reasons explained herein.

Washington law generally prohibits DCYF from disclosing Child Protective Services records. *See* Wash. Rev. Code § 13.50.100(2). The Government argues that DCYF may release the records to the Government if the Court authorizes the agency to do so. (*See* Dkt. No. 60 at 2.) However, the Government does not cite the provision that purportedly authorizes DCYF to produce the records to the Government with a court order, and the Court is not readily able to

---

[1] Mr. Avinger did not respond to the Government's motion by the deadline required by Local Criminal Rule 12(b)(2).

ORDER
CR17-0185-JCC
PAGE - 1

identify the authority for the Government's motion. The chapter the Government cites authorizes the agency to disclose information to various people and entities: section 3 governs disclosure "to other participants in the juvenile justice or care system," section 4 governs disclosure "to a family or juvenile court hearing a petition for custody of a minor," section 7 governs disclosure to "[a] juvenile, his or her parents, the juvenile's attorney, and the juvenile's parent's attorney," and section 10 governs disclosure to a "party to a proceeding seeking a declaration of dependency or a termination of the parent-child relationship and any party's counsel and the guardian ad litem of any party." It is not immediately obvious which, if any, of these provisions apply to the Government under these circumstances, and the Court declines to sift through the statute to search for the authority on which the Government relies.

The only reference to a court order is in section 4(b), which provides that the agency may disclose certain information "by court order obtained with notice to all interested parties." Wash. Rev. Code § 13.50.100(4)(b). As noted, this provision appears to apply to disclosures "to a family or juvenile court hearing a petition for custody of a minor" rather than to the Government, but even if it does apply to the Government, the Government has not shown that it has provided the requisite "notice to all interested parties." *Id.*

For the foregoing reasons the Court DENIES the motion. If the Government chooses to renew its motion, it must cite the specific authority on which it relies and show that the statutory requirements are satisfied.

DATED this 21st day of April 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE