THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>MICHAEL ANTHONY AVINGER,<br><br>　　　　　　　Defendant. | CASE NO. CR17-0185-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's motion for compassionate release (Dkt. No. 55). Having thoroughly considered the briefing and the relevant record, the Court hereby DENIES Defendant's motion for the reasons explained herein.

Defendant was arrested in 2017 after he was caught dealing methamphetamines in a vehicle parked at Westlake Plaza in downtown Seattle. (Dkt. No. 1 at 4–9.) Upon a search of his person and the vehicle, officers found a significant quantity of methamphetamines, cash, a loaded firearm in the trunk, and a loaded magazine in the passenger area. (*Id.*) Defendant has 21 prior adult convictions, most of which were felonies. (*See* Dkt. No. 45 at 6–13.) They include a series of armed robberies. (*Id.*)

Following his 2017 arrest, Defendant pled guilty to Felon in Possession of a Firearm, Possession with Intent to Distribute Methamphetamine, and Possession of a Firearm in Furtherance of a Drug Trafficking Crime. (Dkt. Nos. 13, 24, 26.) The Court sentenced Defendant

ORDER
CR17-0185-JCC
PAGE - 1

to 72 months of incarceration followed by five years of supervised release. (Dkt. Nos. 49, 50.) Defendant indicates that his anticipated release date is August 20, 2022 and that he is scheduled to be transferred to a Residential Reentry Center on August 23, 2021. (Dkt. Nos. 55 at 3, 65 at 1.)

Defendant moves for compassionate release in order to care for his four-year-old daughter, who he presently co-parents with the child's mother. (*See generally* Dkt. No. 55.) Defendant claims the child's mother is drug addicted, cohabitates with abusers, and is generally neglectful. (*Id.*) Defendant indicates that, once released, he plans to petition the family court for custody of his daughter. (Dkt. No. 65 at 2.)

The Court may reduce a term of imprisonment if extraordinary and compelling reasons warrant a reduction, a defendant has exhausted his administrative rights of appeal with the Bureau of Prisons ("BOP"),[1] the defendant would not present a danger to the community,[2] and a reduction is consistent with the factors articulated in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A); United States Sentencing Guidelines ("USSG") § 1B1.13. Defendant bears the burden of making this showing. *United States v. Holden*, 452 F. Supp. 3d 964, 969 (D. Or. 2020).

Defendant argues that his need to care for his four-year-old daughter represents an extraordinary and compelling reason to reduce his sentence. (*See generally* Dkt. Nos. 55, 65, 67.) While it is true that an extraordinary and compelling reason warranting a reduction in sentence can include the *incapacitation* of a minor child's caregiver, *see* USSG § 1B1.13 cmt. n.1, this is not Defendant's argument. He alleges that his daughter's mother is *unfit*. (*See generally* Dkt. Nos. 55, 65, 67.) If this is true, which the Court is not in a position to determine, then the most

---

[1] Here, it is undisputed that Defendant has satisfied the exhaustion requirement. He presented multiple requests for a reduced sentence to the warden of his BOP facility and waited 30 days before seeking relief from the Court. (*See* Dkt. No. 55 at 34–55).

[2] In *U.S. v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021), the Ninth Circuit recently held that the Sentencing Commission's policy statement on a reduction in sentence is not presently "applicable" to a motion for compassionate release brought by a defendant directly to the Court. Accordingly, the Court is not required to consider whether Defendant would present a danger to the community. *Id.* Regardless, the Court may do so if it so chooses. *Id.*

appropriate course of action is to seek out the assistance of Child Protective Services ("CPS")—not to reduce the Court's thoughtfully imposed sentence.[3] Notably, if the Court were to grant Defendant the early release he seeks, and the family court denies Defendant's petition, then the need for his release would be obviated. Defendant does not suggest that he would then willingly return to custody.

While the Court is sympathetic to the circumstances Defendant describes, it must conclude that he has not established an extraordinary and compelling reason warranting a reduction in his sentence.[4] Accordingly, the Court DENIES Defendant's motion for compassionate release (Dkt. No. 55).

DATED this 25th day of May 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[3] Defendant concedes that that the child's maternal grandparents previously did contact CPS regarding the child's welfare and that CPS investigated the matter and chose not to remove the child from her mother's care. (*See* Dkt. No. 55 at 70; *see also* Dkt. No. 66 at 7 (the Government's allegation that a CPS representative confirmed that the case was closed in September 2020 without removing the child and that there is no active investigation).)

[4] Moreover, even if Defendant had satisfied his burden to establish an extraordinary and compelling reason, he presents little argument or evidence to support a finding that he would not present a danger to the community if he released or that the § 3553(a) factors support his early release. (*See generally* Dkt. Nos. 55, 65, 67.)

ORDER
CR17-0185-JCC
PAGE - 3