UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL ANTHONY AVINGER,<br><br>    Defendant. | ) CASE NO. CR17-185 JCC<br>)<br>)<br>)<br>)  DETENTION ORDER<br>)<br>)<br>)<br>)<br>) |

ALLEGED VIOLATIONS OF CONDITIONS OF SUPERVISED RELEASE

1 – Failure to notify probation officer of a change in employment

2 – Failure to report to the probation officer

DETENTION HEARING

The court conducted a detention hearing, pursuant to 18 U.S.C. § 3142(f), on April 26, 2023. Based upon the factual findings and statement of reasons for detention hereafter set forth, the court finds that defendant has not met his burden of showing, by clear and convincing evidence, that no condition or combination of conditions which defendant can meet will reasonably assure defendant's appearances as required in this case.

DETENTION ORDER
PAGE -1

## FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

(1) When a defendant is arrested on charges that he has violated the conditions of his supervised release, "… the burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or the community rests with the person." Federal Rules of Criminal Procedure, Rule 32.1(a)(6). There is little or no credible evidence that defendant would pose a danger, if released on conditions. But defendant has not met the heavy burden of showing by clear and convincing evidence that he would make his further court appearances as required, if he were released on conditions.

(2) The U.S. Probation Officer has specifically alleged in the petition that defendant has failed to contact the USPO as directed.

(3) At the hearing, the USPO also alleged they made at least one attempt to contact defendant in person at his home – again with no response - before seeking a warrant.

(4) Defendant has a history of abuse of controlled substances. This reinforces concerns about his reliability in making appearances as required.

(5) Defense counsel requested the opportunity to move to reopen the hearing, if there is significant new evidence, such as the results of more recent drug tests or other matters. The court will reopen the hearing if such a motion is supported by a proffer of new evidence which meets the standards set forth in the final sentence of 18 U.S.C. Sec. 3142(f).

It is therefore ORDERED:

1. Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. Defendant shall be afforded reasonable opportunity for private consultation with counsel;

3. On order of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding;

4. The Clerk shall direct copies of this Order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 26th day of April, 2023.

John L. Weinberg
United States Magistrate Judge